## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TINA DALE FIVEASH,

          Plaintiff,

    v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

          Defendants.

Case No. 26-cv-04515

**Judge Matthew F. Kennelly**

### FINAL DEFAULT JUDGMENT ORDER

This action having been commenced by Plaintiff TINA DALE FIVEASH ("Fiveash" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Fiveash having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

Fiveash having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Fiveash has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Fiveash's federally registered copyrights, which are protected by United States Copyright Registration Nos. VA 2-467-925 and VA 2-467-927 (the "Tina Fiveash Works") to residents of Illinois. In this case, Fiveash has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Tina Fiveash Works. *See* Docket No. [13-1], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Tina Fiveash Works.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Fiveash's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

This Court further orders that:

1.  Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a.  using the Tina Fiveash Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Tina Fiveash product or not authorized by Fiveash to be sold in connection with the Tina Fiveash Works;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Tina Fiveash product or any other product produced by Fiveash, that is not Fiveash's or not produced under the authorization, control, or supervision of Fiveash and approved by Fiveash for sale under the Tina Fiveash Works;

    c.  committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Fiveash, or are sponsored by, approved by, or otherwise connected with Fiveash; and

    d.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Fiveash, nor authorized by Fiveash to be sold or offered for sale, and which bear any of Fiveash's copyrights, including the Tina Fiveash Works, or any reproductions, infringing copies or colorable imitations.

2.  Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online

marketplace platforms such as Amazon Payments, Inc. ("Amazon") (the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Tina Fiveash Works; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Tina Fiveash Works or any reproductions, infringing copies, or colorable imitations thereof that is not a genuine Tina Fiveash product or not authorized by Fiveash to be sold in connection with the Tina Fiveash Works.

3.     Upon Fiveash's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Tina Fiveash Works.

4.     Pursuant to 17 U.S.C. § 504(c)(2), Fiveash is awarded statutory damages from each of the Defaulting Defendants in the amount of twenty-five thousand dollars ($25,000) for willful use of infringing Tina Fiveash Works on products sold through at least the Defendant Internet Stores.

5.     Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores

4

from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, are hereby released to Fiveash as partial payment of the above-identified damages, and Third Party Providers, including Amazon, are ordered to release to Fiveash the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Fiveash has recovered full payment of monies owed to it by any Defaulting Defendant, Fiveash shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Fiveash identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Fiveash may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at and any e-mail addresses provided for Defaulting Defendants by third parties.

This is a Default Final Judgment.

Dated: 6/18/2026

_____

Matthew F. Kennelly
United States District Judge

5

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | ████████████████████ |
| 2 | CJJART |
| 3 | ████████████████████ |
| 4 | zhangguoyinjingpin |
| 5 | liyanjingpinjingpin |

6